# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN STERLING EVERETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-992 |
| | ) | |
| SALLIE MAE, EOS CCA, | ) | |
| TRANSUNION and EQUIFAX, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is *pro se* Plaintiff Justin Sterling Everett's Motion to Proceed In Forma Pauperis filed on June 6, 2023, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). After reviewing Plaintiff's IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and

also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Initially, the Court notes that Plaintiff's proposed Complaint is difficult to decipher.[1] However, as the Court interprets the Complaint, Plaintiff presumably seeks to assert a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*,[2] against Defendants Sallie Mae

---

[1]    Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that his Complaint does not come close to complying with this requirement. As noted, Plaintiff's Complaint is difficult to interpret. For instance, he lists four defendants but fails to clearly specify what his claim or claims is as against each of them.

[2]    "TILA generally requires that a creditor in a consumer transaction disclose, among other things: (1) the identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the annual percentage rate; (5) the sum of the amount financed and the finance charge, or total of payments; [and] (6) the number, amount, and due dates or period of payments scheduled." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 432 (3d Cir. 2018) (internal quotation marks and citation omitted).

and/or EOS CCA, and a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*,[3] against Defendants Transunion and Equifax.[4]  (*See generally* Docket No. 1-1).  To that end, Plaintiff alleges that "Sallie Mae has not provided full disclosure about the terms and conditions of the loan that was provided to pay for [his] college education."  (Docket No. 1-1 at 1).  Plaintiff then provides a rambling recitation of his alleged dealings with Sallie Mae, "how EOS CCA played their part into this," that "EOS CCA has not provided full disclosure on the terms of the loan they bought from Sallie Mae," and that he contacted Transunion and Equifax under the FCRA, but he does not believe Transunion or Equifax properly disputed his credit report.  (*Id.* at 2-5).

First, Plaintiff's allegations are insufficient to plausibly allege a TILA claim.  Initially, although Plaintiff appears to invoke the TILA, he does not indicate which section of the Act Sallie Mae and/or EOS CCA is alleged to have violated.  *See Rankin v. Saldutti, LLC*, Civ. No. 19-1508, 2020 WL 256433, at *6 (E.D. Pa. Jan. 17, 2020) ("Alleging a violation of the TILA in a complaint without specifying the specific TILA section or subsection is insufficient to state a plausible claim.").  Further, to state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount."  *Diallo v. Capital One, N.A.*, Civ. No. 23-1532, 2023 WL 3136145, at *2 (E.D. Pa. Apr. 26, 2023) (quoting  *Wilson v. Round Point Mortgage Servicing Corp.*, Civ. No. 21-19072, 2022 WL 3913318, at *5 (D.N.J. Aug. 31, 2022)).  Plaintiff's

---

[3]      The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

[4]      This appears to be verified by the accompanying Civil Cover Sheet, on which Plaintiff checked a box under "Nature of Suit" indicating that it is "Truth in Lending," and he described his cause of action as "Truth in Lending Act violation" and "FCRA violated." (Docket No. 1-5 at 1).  However, Plaintiff has also checked numerous other boxes on the Civil Cover Sheet under "Nature of Suit" for "Recovery of Defaulted Student Loans," "Other Contract," "Other Personal Injury," "Other Fraud," and "Education." (*See id.*).  Despite same, Plaintiff's Complaint fails to plausibly allege facts to establish any such claims.

Complaint does not contain any such allegations. Rather, as stated, he only broadly claims that Sallie Mae "has not provided full disclosure about the terms and conditions of the loan that was provided to pay for [his] college education," and EOS CCA "has not provided full disclosure on the terms of the loan they bought from Sallie Mae." (Docket No. 1-1 at 1, 5).

Next, Plaintiff also presumably invokes the FCRA, but he does not indicate which section of the Act Transunion and/or Equifax is alleged to have violated. As best the Court can decipher, Plaintiff appears to allege that Transunion and/or Equifax did not properly investigate his credit dispute involving Sallie Mae. (*See* Docket No. 1-1 at 5). "The FCRA confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in his file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). Although Plaintiff generally asserts that he "do[es] not believe Transunion or Equifax properly disputed [his] credit report," (Docket No. 1-1 at 5), he has not identified the allegedly incorrect information in his credit history, clearly explained why the information was incorrect, or alleged any facts about when and how he disputed that information with the credit reporting agencies. *See Prater v. Am. Heritage Fed. Credit Union*, Civ. No. 21-CV-3566, 2021 WL 5834343, at *7 (E.D. Pa. Dec. 9, 2021) (finding that the plaintiff did not plausibly allege a FCRA claim where complaint did not contain any such allegations). Accordingly, Plaintiff has not plausibly alleged a claim under the FCRA.

In sum, as currently pled, it is not clear which protections afforded by the TILA or the FCRA Plaintiff seeks to invoke, or whether he is attempting to assert some other type of claim or claims against the various Defendants. Plaintiff's allegations are comprised of bare assertions

4

without sufficient factual allegations.  Consequently, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that he is able to state a plausible claim for relief.  *See e.g., Duglas v. Kamper*, Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction.") (citing 28 U.S.C. § 1915(e)(2)(B)); *Spell v. Allegheny Cty. Admin.*, Civ. No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [him] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 26th day of June, 2023, IT IS HEREBY ORDERED  as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that he is able to state a plausible claim for relief; and,

(3) To the extent Plaintiff wishes to file an Amended Complaint, he must do so by July 12, 2023.  If Plaintiff fails to file an Amended Complaint by July 12, 2023, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:    Justin Sterling Everett (via U.S. mail)
       P.O. Box 193
       Duquesne, PA 15110